Evans, J.
dissenting. The report states that the judgment of Samuel Campbell vs. William Campbell, was rendered in 1825, and renewed until 1835, a period of ten years; and the question is, whether the presumption of payment shall begin at at the date of the judgment or at the date of the last renewal. If the plaintiff had continued his renewals, I suppose he would have had an enforceable execution, and would, no doubt, have been entitled to the money, but because after ten years effort to make the money, he ceased to renew against an insolvent man, we are to presume the debt was paid in 1825, notwithstanding the renewals. I always suspect the correctness of any legal principle which leads to absurd conclusions: the result would be the same if he had continued his renewals nineteen years and eleven months as when he, continued them only ten years, if the presumption goes back to the beginning of the twenty years, which is assumed as othe time from which the presumption runs.
I have always supposed that presumptions were founded on acquiescence of all parties in a fact. Best says it is founded on probabilities arising from the conduct of the parties. In the case of Boardman vs. DeForest, (5 Conn. R. 1,) Hosmer, C. J. in his charge to the jury, says, the rule, that a debt is presumed to have been paid, is founded on this reason, that a man will naturally enjoy that which belongs to him, if not prevented by *508 some lawful impediment. If this be the reason, how can any presumption arise whilst the plaintiff was claiming, by all the means in his power, the payment long after the law presumes it paid, if you begin the presumption at the date of the judgment.
The opinion in this case goes on the assumption that the presumption can be rebutted only by some act or declaration of the defendant. That is not exactly correct: there must also be an acquiescence in the fact by the plaintiff. A note is barred in four years, but yet if the plaintiff has sued out, and continued regularly, legal process for the recovery of his debt, the statute does not bar his action.
The case of Boardman vs. DeForest, when examined, will, I think, be no authority. There the question was, whether the payment by certain trustees of part of the judgment would prevent the presumption. The Court decided it would not. It was no act of the defendant, but of a stranger, and no demand was or could be made by the plaintiff of the trustees for any more than was paid.
The case of Mullikin vs. Duvall, (7 Gill & Johns. 355,) turned on the peremptory words of the Maryland statute of limitations, and is no authority in this case.
I might say much on the subject, but as my object is to express a dissent, and not to argue the point, I will add nothing more.